|   |   |   |
|---|---|---|
|   | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA |   |
|   | SEA GREEN PARTNERS, LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>BARBARA GAIL, et al.,<br><br>            Defendants. | CASE NO. C20-5142 BHS<br><br>ORDER |

THIS MATTER is before the Court on Plaintiff Sea Green Partners, LLC's Motion to Amend its Complaint. Dkt. 29.

This is an admiralty case involving a maritime lien and a breach of contact claim. Sea Green Partners, d/b/a "Sea Marine," is a Port Townsend based full-service boat yard. It alleges it performed work on *in rem* Defendant Barbara Gail, a pleasure vessel owned by *in personam* Defendant MarGene, LLC, and that the bill was not paid. Sea Marine asserts a lien on the boat and a breach of contract claim against the owner. MarGene allegedly has two members, Defendants Richard Pack and Barbara Zinomja. Sea Marine alleges that the Barbara Gail is MarGene's only asset.

After the lien was asserted and after this case was commenced, MarGene transferred its interest in the Barbara Gail to Western Waters, LLC for $1.00. Dkt. 29 at 2. Sea Marine alleges that Western Waters is similarly owned by Pack and Zinomja[1] and that it is subject to successor liability because the transfer was designed to avoid Sea Marine's lien on the boat and its damage claim against MarGene. It seeks amend its complaint to assert a Washington law fraudulent transfer claim against Western Waters. Dkts. 29 and 29-1 (proposed amended complaint).

Leave to amend a complaint under Federal Rule of Civil Procedure 15(a) "shall be freely given when justice so requires." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether to grant leave under Rule 15, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (emphasis added). Among these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital*, 316 F.3d at 1052.

A proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Gaskill v. Travelers Ins. Co.*, No. 11-cv-05847-RJB, 2012 WL 1605221, at *2

---

[1] Pack asserts that Western Waters is owned by B&R Investments, LLC, an "entity holding certain investments for" Pack and Zimonja. Dkt. 34 at 2.

1 (W.D. Wash. May 8, 2012) (citing *Sweaney v. Ada Cnty., Idaho*, 119 F.3d 1385, 1393
2 (9th Cir. 1997)).

3       Defendants argue that Sea Marine's lien on the Barbara Gail survived the transfer
4 and that if that lien is valid, it can be enforced against the Barbara Gail regardless of
5 ownership. They also claim that "following the completion of Sea Marine's work on the
6 BARBARA GAIL, Mr. Pack and Ms. Zimonja were advised to transfer ownership of the
7 vessel to a new company (Western Waters, LLC) for business and planning purposes."
8 Dkt. 33 at 2 (citing Dkt. 34, Pack Declaration). They argue that the transfer had nothing
9 to do with the debt claim made by Sea Marine and was not done for the purpose of
10 avoiding liability. *Id*. Thus, they claim, the proposed claim against Western Waters would
11 be futile and leave to assert it should be denied.

12       Sea Marine responds, persuasively, that Defendants dispute the validity of Sea
13 Marine's lien on the Barbara Gail and that the fraudulent transfer claim is pled in the
14 alternative, so that it may recover even if the lien is flawed or unenforceable. Dkt. 35. It
15 also correctly emphasizes that Pack's conclusory and self-serving statement that the
16 transfer was made for reasons unrelated to this case or MarGene's alleged debt is
17 insufficient to render the fraudulent transfer claim implausible as a matter of law. It is not
18 enough to make amendment futile.

19       Sea Marine's Motion for Leave to File an Amended Complaint is GRANTED, and
20 Sea Marine shall file its amended complaint (Dkt. 29-1) within 10 days of this Order. Sea
21 Marine may also request a waiver of service from Western Waters under Western District
22 of Washington Local Rule 15.

1 **IT IS SO ORDERED.**

2 Dated this 14th day of October, 2021.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 4