1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SEA GREEN PARTNERS LLC,

　　　　　　　　　Plaintiff,

　　v.

BARBARA GAIL, et al.,

　　　　　　　　　Defendants.

CASE NO. C20-5142 BHS

ORDER

THIS MATTER is before the Court on Defendants' Motion for Partial Summary Judgment, Dkt. 48. Plaintiff Sea Green Partners LLC, doing business as "Sea Marine," is a full service boatyard and marina in Port Townsend, Washington. Defendants Richard Pack and Barbara Zimonja own Defendant Margene Marine LLC, which in turn owned the Defendant vessel *Barbara Gail*. Defendant Western Waters LLC apparently now owns the *Barbara Gail*.

Defendants engaged Sea Marine to perform repair and upgrade work on the *Barbara Gail* in March 2019. The vessel was hauled out at Sea Marine on May 2, 2019, and the vessel was put back into the water on June 21, 2019. Dkt. 1 (verified complaint). Sea Marine claims it spent 489.5 man hours on the vessel, not including canvas work that

1   it was hired to also perform. The parties agree that additional work remained when the

2   vessel was re-launched.

3          Sea Marine billed Defendants over $125,000 for the work, and the parties

4   negotiated the amounts due. Sea Marine claims that Defendants still owe $45,441.65 for

5   the work it performed on the *Barbara Gail*. It filed a maritime lien on the *Barbara Gail*

6   based on the outstanding balance. *Id*. at 4. Sea Marine alleges that, in response,

7   Defendants wrote negative, defamatory reviews about Sea Marine on various online

8   platforms. The seven specific reviews at issue are attached to Sea Green's Complaint,

9   Dkt. 1-10, and to its Amended Complaint, Dkt. 37-10. Representative examples are

10  reproduced below:

11  9/27/2019  **Previous review**

12  Worst experience ever. They do not have any experienced employees. The workmanship is terrible. They charge for work and parts that they did not install on your boat. Crooks, dishonest, and liers. You may have to take them to court just to get your boat back.

13  9/25/2019  **Previous review**

14  Do yourself a favor and go anywhere else!!!!! I think they only have 2 guys that work on boats and they are buffoons. They have no training. One guys job was to install stereos. Now Sea Marine calls him an electrician. If you need canvas work or any other work done go, go, go somewhere else as fast as you can.

15         Sea Marine sued in February 2020, seeking to foreclose its lien. It also asserts

16  claims for libel, defamation, and false light invasion of privacy, alleging that the reviews

17  were false, defamatory, and damaging. Defendants seek summary judgment on Sea

18  Marine's libel/defamation, and false light invasion of privacy claims, arguing that online

19  reviews are matters of opinion, not fact, and that Sea Marine cannot make out its *prima*

20  *facie* case of defamation. Sea Marine concedes its false light invasion of privacy claim,

21

22

ORDER - 2

1    Dkt. 57 at 16. Defendants' Motion for Partial Summary Judgment on that claim is

2    GRANTED, and it is DISMISSED with prejudice.

3         The remaining issues are addressed in turn.

4    **A.    Summary Judgment Standard.**

5         Summary judgment is proper if the pleadings, the discovery and disclosure

6    materials on file, and any affidavits show that there is "no genuine dispute as to any

7    material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ.

8    P. 56(a). In determining whether an issue of fact exists, the Court must view all evidence

9    in the light most favorable to the nonmoving party and draw all reasonable inferences in

10   that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986);

11   *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact

12   exists where there is sufficient evidence for a reasonable factfinder to find for the

13   nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence

14   presents a sufficient disagreement to require submission to a jury or whether it is so one-

15   sided that one party must prevail as a matter of law." *Id*. at 251–52. The moving party

16   bears the initial burden of showing that there is no evidence which supports an element

17   essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

18   Once the movant has met this burden, the nonmoving party then must show that there is a

19   genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to

20   establish the existence of a genuine issue of material fact, "the moving party is entitled to

21   judgment as a matter of law." *Celotex*, 477 U.S. at 323–24.

22

1    There is no requirement that the moving party negate elements of the non-

2  movant's case. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Once the moving

3  party has met its burden, the non-movant must then produce concrete evidence, without

4  merely relying on allegations in the pleadings, that there remain genuine factual issues.

5  *Anderson*, 477 U.S. at 248.

6    Defendants assert that summary judgment plays a particularly important role in

7  defamation cases: "Serious problems regarding the exercise of free speech and free press

8  guaranteed by the First Amendment are raised if unwarranted lawsuits are allowed to

9  proceed to trial." Dkt. 48 at 5 (citing *Life Designs Ranch, Inc. v. Sommer*, 191 Wn. App.

10  320, 328 (2015)); *see also Tait v. King Broad. Co.*, 1 Wn. App. 250, 255 (1969) (court

11  must evaluate on summary judgment "whether there is substantial evidence presented

12  which, if believed, could persuade a jury with convincing clarity the defendant was guilty

13  of maliciously making a libelous statement"). Defendants argue that Sea Marine cannot

14  meet this standard, and that its defamation claim must be dismissed as a matter of law.

15  **B.    Defamation.**

16    As an initial matter, Defendants correctly argue that Washington does not

17  recognize a separate claim for libel; the only viable claim is defamation. Dkt. 48 at 6

18  (citing *Life Designs*, 191 Wn. App. at 341). Sea Marine does not dispute this conclusion.

19  Thus, to the extent Sea Marine asserts a separate libel claim against Defendants, it is

20  DISMISSED.

21    To succeed on its defamation claim, Sea Marine is required to demonstrate four

22  elements: (1) a false statement; (2) lack of privilege; (3) fault; and (4) damages. *Herron v.*

*KING Broad. Co.*, 112 Wn.2d 762, 768 (1989). Defendants' summary judgment motion argues that Sea Marine cannot establish these elements, and that its defamation claim fails as a matter of law. They argue that the statements were matters of opinion, not objective fact; that the online reviews are privileged (and Sea Marine cannot establish that they are not); and that Sea Marine cannot show any damages. Dkt 48.

First, Defendants argue that, even if they made the statements, "statements of opinion on matters of public concern that do not contain or imply a provable factual assertion" are not defamatory as a matter of law. *Id.* at 7 (citing *Underwager v. Channel 9 Australia*, 69 F.3d 361, 366 (9th Cir. 1995)). They argue that, under this standard, the Court must determine "whether a reasonable factfinder could conclude that the contested statement implies an assertion of objective fact." *Id.* at 7 (citing *Partington v. Bugliosi*, 56 F.3d 1147, 1153 (9th Cir. 1995)).

Whether a statement is one of opinion or objective fact is determined under the totality of the circumstances, including "(1) the medium and context in which the statement was published, (2) the audience to whom it was published, and (3) whether the statement implies undisclosed facts. *Dunlap v. Wayne*, 105 Wn.2d 529, 539 (1986)

Defendants argue that, in the context of an online review of a business, Washington courts have consistently concluded that such reviews are non-actionable opinions about the quality of service provided by the business rather than factual statements supporting a defamation claim. Dkt. 48 at 7–8 (citing *Life Designs*, 191 Wn. App. at 328 ("[A]llowing businesses to sue any unhappy consumer for what they posted online for defamation would stifle freedom of speech.")). Another Washington case dealt

1  with similar, if not worse, reviews: "The company is lacking in the areas of customer

2  service, honesty and integrity;" "Reprehensible that a female business owner would

3  knowingly give a convicted sex offender a position where he would be entering peoples'

4  homes—homes that could have children in them;" and "Upset me that a woman owner of

5  a company was knowingly employing a convicted sex offender." *Valdeman v. Martin*, 1

6  Wn. App. 2d 1040, 2017 WL 6336018, at *1 (2017) (unpublished opinion). Division 1 of

7  the Washington Court of Appeals affirmed the dismissal of plaintiff's defamation claim

8  on summary judgment, recognizing that the audience (those seeking online opinions of a

9  product or service) expect subjective opinions, not facts:

10  > [N]egative and positive reviews subject to reviewers' biases are exactly
>  what an audience researching reviews on Angie's List and Yelp! expects to

11  > find. Current and future customers' understanding that [defendant's] posts
>  represent one person's subjective evaluation of [plaintiff] supports that her

12  > statements are nonactionable opinion.

13  *Id*. at *4.

14    Defendants argue, and the Court agrees, that the reviews at issue here are not

15  actionable for the same reasons: the medium (the internet), the context (an online

16  review), and the audience (those seeking reviews—opinions—about Sea Marine) lead

17  necessarily to the conclusion that the Defendants' reviews were rhetorical hyperbole, not

18  false statements of objective fact, and that they are not defamatory as a matter of law.

19    Sea Marine's Response to Defendants' motion, Dkt. 57, includes seven pages of

20  additional, allegedly defamatory reviews that are not alleged in its original or its

21  operative amended complaint, Dkts. 37 and 37-10; *see* Dkts. 57 at 2–9 and 57-1 through

22  57-24. Sea Marine asserts that Pack posted other defamatory reviews in late 2019, and

further that it believes Pack posted online reviews using fake identities, including "XXXXUnhappy," "Joe M.," Darlene F," and R-english." *Id.* (citing Dkts. 57-1 to 57-24).

Defendants correctly point out these allegedly defamatory reviews were not pled and are not the subject of the lawsuit or the pending summary judgment motion. *See* Dkt. 68. They argue, again persuasively, that it is improper to raise new claims in response to a summary judgment motion. Dkt. 68 at 3 (citing *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) (where allegations are not in the complaint, "raising such claim in a summary judgment motion is insufficient to present the claim to the district court")). Even if they were defamatory, the newly-asserted allegedly defamatory reviews are not in this case.

The Court notes, though, that Sea Marine concedes that at least two of the statements of "objective facts" of which it complains are in fact true. It asserts in support of its defamation claim that "Richard P." complained that Sea Marine "installed my stern thruster upside down." *See* Dkt. 57 at 11. But Sea Marine has conceded that the statement is true, as to the *Barbara Gail*:[1] "The thruster had to be installed in an upside-down orientation to fit in the space such that the shaft was far enough below the waterline to be effective. This was done in consultation and approval from the vendor, Imtra, not by mistake or incompetence." Declaration of General Manager Chris Bakken, Dkt. 57-3 at 3.

---

[1] Sea Marine's response also asserts that "fake" reviews complained about the same thing, Dkt. 57 at 4. Sea Marine cites no authority for its implicit claim that the use of a pen name or a fake name to repeat or reiterate an otherwise non-defamatory review makes the additional posting tortious.

This is not evidence in support of Sea Marine's claim that the online review contained a false statement of objective fact, rather than an opinion.

Sea Marine also implicitly concedes the truth of a second review, regarding re-doing the canvas. Dkt. 57 at 10. It argues (but did not plead) that Defendants defamed it by asserting in an online review that Sea Marine "had to redo the canvas 3 times" and that Bakken "very reluctantly" took that work off the bill. Sea Marine contends that this is a defamatory statement of objective fact, and not an opinion, because Sea Marine "did not charge for re-working the canvas." *Id*. at 11. Implicit in this statement is the concession that the canvas was re-worked, and that Sea Marine did not charge for that work. That is what the review said, as well. The only part of the statement that Sea Marine could contend is defamatory is the claim that Bakken "reluctantly" took the cost off the bill. Sea Marine's "reluctance" is not a statement of objective fact, and it is not defamatory as a matter of law. A reasonable and even exculpatory explanation for a true statement does not make the underlying statement false, much less defamatory.

Sea Marine's response largely avoids the merits of its defamation claim as to the reviews that are attached to and incorporated into its operative Amended Complaint, and which are the subject of the pending motion. Sea Marine concedes that they were posted to websites that prospective customers visit to determine, based on the reviews of past customers, whether to engage the business. *Id*. at 10. And as the *Life Designs* and *Valdeman* courts recognized, the context and the medium of such reviews necessarily imply that the reviews are based on the reviewer's subjective opinions about the business.

Such subjective impressions are what the intended audience is looking for, and what they are expecting to find, on such websites.

Sea Marine claims that, to be considered statements of opinion, rather than objective fact, the reviews were required to include "cautionary terms of apparency" and, because they did not, they are defamatory. Dkt. 57 at 13 (citing *Life Designs*, 191 Wn. App. at 331). This is not accurate for two reasons. First, several of the disputed reviews *are* couched in terms of apparency or opinion: "I think Sea Marine must be going out of business," "worst experience ever," "in my opinion, they are the worst boatyard I have ever seen or heard of," "It looks like I will have to get a lawyer to get my boat back," and "you may have to take them to court to get your boat back." *See* Dkt. 37-10. These are plainly statements of opinion and rhetorical hyperbole, and no jury could find that they were false statements of objective fact.

Second, given the context, the medium, and the audience, even those statements that are not so couched ("wrong color, crooked, dishonest, they price gouge you, the canvas work is substandard and overpriced," Dkt. 37-10) are not objective statements of fact, and are not taken as such. As defendants argue, these *Dunlap* factors are "often dispositive" in the context of online reviews and online review websites, where "vigorous, hyperbolic, and often strong comments are expected." Dkt. 68 at 7.

Sea Marine has not cited any Washington authority supporting its claim that negative online reviews are objective statements of fact and not opinions about the service the reviewer received. The medium, the context, and the intended audience for the reviews all overwhelmingly support the claim that the reviews were based on opinion, not

1   objective fact. Indeed, Sea Marine cites no authority supporting a defamation claim based
2   on an online review, anonymous or otherwise, in any jurisdiction. It has not demonstrated
3   with the required clear evidence that Defendants' negative online reviews were false,
4   objective statements of fact. Nor has Sea Marine met its burden of establishing that the
5   reviews were not privileged. It seems to concede that such a determination is dependent
6   on the Court determining that the reviews contained false statements of objective fact.
7   *See* Dkt. 57 at 14 ("[T]he statements at issue are of false facts, and thus not privileged.").

8         Finally, Sea Marine has not demonstrated that it has been damaged by the online
9   reviews. It claims first that Bakken (who is not a plaintiff) has spent 220 hours
10  "contending with" and "trying to correct" the Defendants' "online defamatory
11  campaign," Dkt. 57 at 15. But Sea Marine has not described what Bakken did or how it
12  was a necessary or even reasonable response to any false statement of objective fact,
13  rather than a strongly worded opinion about the reviewers' experiences at Sea Marine. As
14  to actual damages, Sea Marine claims that three customers have "mentioned" the reviews,
15  raising "the specter that Plaintiff has lost business opportunities from potential customers
16  who, having read these defamatory reviews, elected not to engage Plaintiff's services."
17  *Id.* at 16. Sea Marine claims it intends to engage a forensic accountant to review its
18  books, but it has not done so. Sea Marine has not met its summary judgment burden of
19  demonstrating that that any defamatory statement caused it damage.

20        Defendants' Motion for Partial Summary Judgment on Sea Marine's defamation
21  claim is **GRANTED**, and Sea Marine's libel/defamation and false light invasion of
22

1 | privacy claims are **DISMISSED with prejudice** and without leave to amend. Sea

2 | Marine's maritime lien and breach of contract claims remain.

3 |      IT IS SO ORDERED.

4 |      Dated this 18th day of January, 2023.

BENJAMIN H. SETTLE
United States District Judge